IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROX-ANN REIFER, | : | Civil Action No. 4:12-CV-0533 |
| *assignee of Donald Russo, Esquire,* | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| WESTPORT INSURANCE | : | |
| CORPORATION, | : | |
| | : | (Magistrate Judge Blewitt) |
| Defendant. | : | |

**MEMORANDUM**

May 1, 2013

**I. BACKGROUND:**

On March 1, 2012, plaintiff, Rox-Ann Reifer (hereinafter "Reifer"), as assignee of Donald Russo, Esquire, filed a complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania. On March 23, 2012, defendant, Westport Insurance Corporation (hereinafter "Westport") removed the case to the District Court for the Middle District of Pennsylvania. Def.'s Notice of Removal, ECF No. 1.

On March 30, 2012, Westport filed a Motion to Dismiss. Def.'s Mot. to Dismiss, ECF No. 5. On May 20, 2012, Reifer filed a Motion to Amend/Correct the Notice of Removal. Pl.'s Mot. To Amend/Correct Notice of Removal, ECF.

1

No. 20. On October 12, 2012, Magistrate Judge Thomas M. Blewitt considered the case on its merits and filed a forty-one-page Report and Recommendation recommending that Reifer's Motion to Amend be denied and Westport's Motion to Dismiss be granted. Report and Recommendation, ECF No. 24.

Reifer and Westport both filed objections to the report and recommendation. Pl.'s Objections, November 21, 2012, ECF No. 27 and Def.'s Resp., December 5, 2012, ECF No. 28. When objections are filed to the report and recommendation of a magistrate judge, the district court makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made." 28 U.S.C. § 636(b)(1)(C); *United States v Raddatz,* 447 U.S. 667, 674-75; 100 S.Ct. 2406; 65 L. Ed. 2d 424 (1980). The court may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 675; *see also Mathews v Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION:

Although Magistrate Judge Blewitt wrote a through Report and Recommendation on the merits, the undersigned is unable to adopt it because the court will decline to exercise jurisdiction over the matter, and it will be remanded to state court.

The court does adopt the facts as recited by Magistrate Judge Blewitt, and they are as follows. Reifer was a client of Donald P. Russo, Esquire (hereinafter "Russo"). Russo admitted liability in an underlying legal malpractice suit brought by Reifer against him, and the two went to trial in the Court of Common Pleas of NorThampton County, Pennsylvania[1] on the issue of damages only. The jury awarded Reifer a judgment in the amount of $4,251,516.00. Russo assigned any rights he may have had under his legal malpractice insurance policy with Westport to Reifer. Reifer then filed the instant action in the Court of Common Pleas of Lackawanna County, Pennsylvania for a Declaratory Judgment against Westport pursuant to Pennsylvania's Declaratory Judgments Act, 42 Pa.C.S.A. §§ 7531, *et. seq.* Westport then removed the case to the District Court for the Middle District of Pennsylvania and filed a Motion to Dismiss Reifer's action on the merits.

---

[1]It is not clear, but also not relevant, to the undersigned why there are two counties involved here.

Increasingly, the practice of the District Courts sitting in Pennsylvania is to decline to exercise jurisdiction over declaratory judgment actions, involving an insurance company, that are solely brought on diversity, and have no federal question or interest. As discussed below, this is certainly not settled law. It does, however, appear to be the trend of many District Courts in Pennsylvania, and as such, one which the undersigned will follow.

In the leading case on this issue, *State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000), the Third Circuit Court of Appeals held that a District Court should have declined to exercise jurisdiction over a suit brought pursuant to the federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202. In *Summy*, the parents of Bryant Dixon, brought suit against their landlords on behalf of their son who was poisoned by lead paint in his home. *Id.* at 131. State Auto Insurance Company ("hereinafter State Auto") notified the insured landlord that coverage was excluded under the policy. *Id.* at 132. State Auto sought a declaratory judgment in the Eastern District of Pennsylvania. *Id.* The landlords filed both a motion to dismiss, arguing that the federal court should decline to exercise jurisdiction, and also filed its own suit for declaratory judgment in state court. *Id.* The district court denied the landlord's motion to dismiss. *Id.*

Because the interpretation of the insurance policy clause was not settled law

in Pennsylvania, and also because of the concurrent pending state court declaratory judgment litigation, and because the jurisdiction conferred by the federal Declaratory Judgments Act is discretionary, the Third Circuit vacated the decision of the District Court and remanded with directions to dismiss the complaint. *Summy*, 234 F.3d at 136. The Third Circuit explained that "[i]n order to maintain the proper relationship between federal and state courts, it is important that district courts "step back" and allow the state courts the opportunity to resolve unsettled state law matters." *Id.* "It follows that the state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." *Id.*

The Third Circuit cited to its own prior precedent and explained that District Courts do "not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." *Summy*, 234 F.3d at 134. The *Summy* Court set forth a tripartite test to determine when District Courts must decide to hear declaratory judgment actions in involving insurance coverage issues restricted to state law, as follows:

> 1. A general policy of restraint when the same issues are pending in a state court;

> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation.

*Id.*

The Third Circuit went on to explain that "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions. *Id.* Notably, the Third Circuit followed this statement with "[w]hen the state law is firmly established there would seem to be even less reason for the parties to resort to the federal courts." *Id.*

It is the last line noted above that the District Courts in Pennsylvania have considered at length and expanded upon. Both the Western District and the Middle District of Pennsylvania tend not to exercise jurisdiction over declaratory judgment actions that are restricted to issues of state law. In the oft-cited case, *Allstate Prop. & Casualty Ins. Co. v. Owens*, 2011 U.S. Dist. LEXIS 2470, 2011 WL 94412 (W.D. Pa. Jan. 11, 2011) (Fischer, J.), the Honorable Nora Barry Fischer declined to exercise jurisdiction in a declaratory judgment action in which jurisdiction was conferred only by diversity of citizenship, and the subject matter centered around purely state law issues. She wrote, in salient part:

> "The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 631 (W.D. Pa. April 30,

2002) (Lancaster, J.). The Act provides, in relevant part, that a court "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. §2201 (emphasis added). Accordingly, the jurisdiction conferred by the Act is discretionary, and district courts are under no compulsion to exercise it. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (*citing Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942); *accord Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (holding that the Declaratory Judgment Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants")).

The United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atl. Mut. Ins. Co. v. Gula*, 84 Fed. App'x 173, 174 (3d Cir. 2003) (citing *Summy*, 234 F.3d at 134-35). In *Summy*, our Court of Appeals stated that "[t]he desire of insurance companies and their insured to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Summy*, 234 F.3d at 134-135. "[T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." *Id.* "When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts."

Importantly, the sole issue of insurance coverage in this case presents no federal question, nor promotes any federal interest. Indeed, this action presents the common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters. This weighs heavily against the Court exercising jurisdiction over this declaratory judgment action. *Seelye*, 198 F. Supp. 2d at 631. In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions." *Gula*, 84 Fed. App'x at 175 (*quoting State Auto. Mut. Ins. Co. v. Toure*, No. 02-CV-7986, 2003 U.S. Dist. LEXIS 15495, at *5 (E.D. Pa., Aug. 7, 2003)).

The Court notes that both the Supreme Court in *Wilton* and our appellate

court in *Summy* reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277 at 288-89, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Summy*, 234 F.3d at 135. Here, unlike in *Wilton* and *Summy*, there is no parallel action in the state court. The Supreme Court in *Wilton* did not explicitly address the issue of whether a district court should decline jurisdiction in declaratory judgment actions in the absence of parallel state court proceedings. *Wilton*, 515 U.S. at 290. The *Wilton* court implicitly stated, however, that there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction in a declaratory judgment action. *Id.* at 288 n.2. *Summy* ruled that the existence of a parallel state proceeding, although present there, is not a prerequisite to the district court's proper exercise of discretion to decline jurisdiction over the case. *Summy*, 234 F.3d at 134-35. Rather, it is but one factor that this Court should consider. *Id.*

Thus, although there is no parallel state court proceeding in this case, that factor is not determinative, and in the Court's view, the absence of a parallel state proceeding is clearly outweighed by the lack of any federal interest in this dispute. *See Seelye*, 198 F. Supp. 2d at 632; *see also Dixon v. Progressive N. Ins. Co.*, No. 08-cv-1010, 2008 U.S. Dist. LEXIS 65594, at *6-7 (W.D. Pa., Aug. 27, 2008) (McVerry, J.).

Furthermore, since state law on the issue of construction of the insurance policy language is well settled, there is even less reason for the parties to litigate their dispute in federal court. *Seelye,* 198 F. Supp. 2d at 631.

This Court may decline jurisdiction in a declaratory judgment action *sua sponte*.

In conclusion, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well settled. The Court finds and rules that the state court system is more than capable of resolving this dispute in accordance with its own law. Therefore, under the circumstances of this case, and in the exercise of this Court's discretion, the Court will not exercise jurisdiction over this declaratory judgment action.

*Id.* at *1-9.

Both the Western District of Pennsylvania and the Middle District of Pennsylvania take the approach of the *Owens* court and its expansion of the dicta in *Summy*. *See, e.g. The Am. Ins. Co. V. Boyda*, 2011 U.S. Dist LEXIS 7969, 2011 WL 294522 (W. D. Pa. Jan. 27, 2011) (Standish, J.); *Dairyland Ins. Co. v. Warman*, 2011 U.S. Dist. LEXIS 10631, 2011 WL 338655 (W.D. Pa. Feb. 3, 2011) (Standish, J.); *Nautilus Ins. Co. v. Poznak*, 2011 U.S. Dist. LEXIS 10645, 2011 WL 338656 (W.D. Pa. Feb. 3, 2011) (Standish, J).; *Maxum Indemnity Co. v. Heyl & Patterson, Inc.,* 2011 U.S. Dist. LEXIS 102291, 2011 WL 4048377 (W.D. Pa. Sept. 12, 2011) (Fischer, J.); *Fireman's Ins. Co. of Washington, D.C. v. 3 R Electric, Inc.*, 2012 U.S. Dist LEXIS 150732, 2012 WL 5197668(M.D. Pa. Oct. 19, 2012) (Conaboy, J.); *Rivera v. Lebanon Sch. Dist.*, 2012 U.S. Dist. LEXIS 165410, 2012 WL 5875011 (M.D. Pa. Nov. 20, 2012) (Kane, J).

The Eastern District of Pennsylvania considers this matter differently and generally retains cases that request a federal court's issuance of a declaratory judgment on solely a state law issue and will only dismiss the action if there is a parallel pending state case. *See Allstate Ins. Co. v. Century Indemnity Co.*, 2007 WL 1575012 (E.D. Pa. May 31, 2007) (Rufe, J.) (holding that in the absence of a parallel proceeding in state court where the area of state law was settled, the district

court could entertain the declaratory judgment action) , *Continental Casualty Co. v. Peerless Indus. Inc.,*; 2007 WL 2029298 (E.D. Pa. July 11, 2007) (Pratter, J.) (holding that in the absence of a parallel proceeding in state court where the area of state law was settled, the district court could entertain the declaratory judgment action); *General Casualty Co. of Wis. V. Guzikowski,* 2011 U.S. Dist. LEXIS 141654 (E.D. Pa. Dec. 9, 2011) (Kelly, R. J.) (holding that the district court could not entertain a declaratory judgment action where the issue was one of first impression in the state and there was a parallel state declaratory judgment action pending).

While the approach of the Eastern District of Pennsylvania is sound, in that it precisely follows the holding of *Summy*, the undersigned finds that the Eastern District's approach may lead to manipulation and forum shopping by the insurance companies. To avoid parallel proceedings, the insurance companies will not file a declaratory judgment action, but will instead wait for the individual insured, or assignee, to file a declaratory judgment action in the Pennsylvania court. The insurance company will then remove the declaratory judgment action to federal court and avail themselves of the perceived advantage of proceeding in federal court.

For the sake of comity, the undersigned will follow the approach of the

Western and Middle Districts of Pennsylvania, and pursuant to the authority conferred on the court in the federal Declaratory Judgment Act, decline to exercise jurisdiction over this purely state law issue. Although defendant objects to plaintiff's argument that the court decline to exercise jurisdiction because the plaintiff did not raise the argument until she objected to the report and recommendation of the magistrate judge, the court has the authority to raise the issue *sua sponte* during the proceedings.

III. CONCLUSION

The case will be dismissed without prejudice because the undersigned declines to exercise jurisdiction over this state law matter. Consequently, the case will be remanded back to the Court of Common Pleas of Lackawanna County, Pennsylvania.

An appropriate Order in accordance with this Memorandum will follow.

     s/ Matthew W. Brann
Matthew W. Brann
United States District Judge