IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROX-ANN REIFER, *assignee of Donald Russo, Esquire,* | : : : | Civil Action No. 4:12-CV-0533 |
| Plaintiff, | : : | (Judge Brann) |
| v. | : : | |
| WESTPORT INSURANCE CORPORATION, | : : : | |
| Defendant. | : | |

**MEMORANDUM**

June 12, 2013

## I. BACKGROUND:

On March 1, 2012, plaintiff, Rox-Ann Reifer (hereinafter "Reifer"), as assignee of Donald Russo, Esquire, filed a complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania. On March 23, 2012, defendant, Westport Insurance Corporation (hereinafter "Westport") removed the case to the District Court for the Middle District of Pennsylvania. Def.'s Notice of Removal, ECF No. 1.

On March 30, 2012, Westport filed a Motion to Dismiss. Def.'s Mot. to Dismiss, ECF No. 5. On May 20, 2012, Reifer filed a Motion to Amend/Correct

1

the Notice of Removal. Pl.'s Mot. To Amend/Correct Notice of Removal, ECF. No. 20. On October 12, 2012, Magistrate Judge Thomas M. Blewitt considered the case on its merits and filed a forty-one-page Report and Recommendation recommending that Reifer's Motion to Amend be denied and Westport's Motion to Dismiss be granted. Report and Recommendation, ECF No. 24.

On May 1, 2013, the undersigned issued a Memorandum and Order rejecting the report and recommendation of the magistrate judge, and declined to exercise jurisdiction. ECF Nos. 29 and 30.

On May 13, 2013, Westport filed a Motion for Reconsideration along with a supporting brief. ECF Nos. 33 and 34. On May 23, 2013, Reifer filed an opposing brief (titled reply brief) and response to the motion. ECF Nos. 35 and 36. Westport filed a reply brief on June 6, 2013. ECF No. 37. This matter is now ripe for disposition. The Motion for Reconsideration will be denied for the reasons delineated below.

## II. DISCUSSION:

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds

2

prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (Vanaskie, J., vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983) (Warriner, J.). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (Smith, J.). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995) (Cahn, J.).

Westport's motion does not persuade the undersigned that a mistake had been made in declining to exercise jurisdiction over this action. While the Court understands and appreciates Westport's position and its arguments, the arguments nevertheless fail for the same reasons set forth in the May 1, 2013 Memorandum. ECF No. 29.

Both the Middle and Western Districts of Pennsylvania have extrapolated the dicta in *State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000) to place a priority on comity with the Pennsylvania state courts. This point was thoroughly explained in the May 1, 2013 Memorandum. ECF No. 29. The undersigned is fully aware that the Third Circuit Court of Appeals may disagree with the approach of the Middle and Western Districts of Pennsylvania, and, instead, choose to follow the approach of the Eastern District of Pennsylvania. This Court strongly believes, however, that it is appropriate to respect the Pennsylvania courts ability to enforce its own judgments decided by its own Courts of Common Pleas, as in the case at bar.

Westport suggests that there will be extra time and money expended litigating the action in the state. The Court respectfully disagrees. To the contrary, there should be very little time and money expended, as the legal issues are entirely based on state law and the briefs have already been written. Moreover, Westport

has the additional advantage of a persuasive report and recommendation written by the Honorable Thomas M. Blewitt to use in its arguments in the state court.

Finally, Westport argues that the matter before the Court is not really a declaratory judgment action at all. The Court, again, respectfully disagrees. This is precisely a declaratory judgment action. Reifer wants the undersigned to declare that Donald P. Russo, Esquire was covered by the malpractice insurance policy issued by Westport at the time he committed legal malpractice. Westport wants the undersigned to declare that Russo was not covered by the policy issued at that time. The award of damages has, of course, already been rendered by the Court of Common Pleas of Northampton County. The undersigned is not being asked to award damages against Westport; the undersigned is instead merely being asked to determine if Russo was or was not covered under his legal malpractice insurance policy at the time he committed legal malpractice.

Westport has not advanced any argument that would substantiate the need for reconsideration of my May 1, 2013 Memorandum and Order. ECF Nos. 29 and 30.

## III. CONCLUSION:

Westport's Motion for Reconsideration will be denied. ECF No. 33.

An appropriate Order in accordance with this Memorandum will follow.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROX-ANN REIFER, | : | Civil Action No. 4:12-CV-0533 |
| *assignee of Donald Russo, Esquire,* | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| WESTPORT INSURANCE CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

June 12, 2013

In conformity with the memorandum issued this date, it is **ORDERED** that Defendant's May 13, 2013 Motion for Reconsideration is DENIED. ECF No. 33.

                        BY THE COURT:

                         s/ Matthew W. Brann
                        Matthew W. Brann
                        United States District Judge